IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK McNEELY,

    Petitioner,

    v.

EDWARD N. BONNER, et al.,

    Respondents.

CIV-S-04-1215 DFL PAN P

MEMORANDUM OF OPINION AND ORDER

    Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(B)(1)(b) and Local General Order No. 262.  On February 3, 2005, the magistrate judge filed findings and recommendations recommending that the writ should issue, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent filed objections to the findings and recommendations.

1

By order of March 2, 2005, the court requested supplemental briefing on several exhaustion issues. Both parties have submitted supplemental briefs. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.

Petitioner requests an order from this court that he be immediately released from state custody and that the state probation revocation proceedings against him be halted.[1] (Pet. at 5.) As petitioner is awaiting a probation revocation hearing, relief is improper under 28 U.S.C. § 2254, because petitioner is not in custody "pursuant to the judgment of a State court." Instead, petitioner's claim is properly evaluated under 28 U.S.C. § 2241(c)(3) which gives the court authority to entertain habeas petitions raising claims that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," including claims by pretrial detainees.

However, because of the comity concerns raised by a federal injunction against state court proceedings, pre-trial federal habeas relief is typically not available. Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-90, 93 S.Ct. 1193 (1973). Generally, the appropriate remedy, absent special circumstances, is to proceed to trial and raise the constitutional violation as an affirmative defense. Carden, 626 F.2d at 84-85. Whether

---

[1] By order of this court, petitioner was conditionally released from Placer County custody on December 9, 2004, pending resolution of this case.

2

petitioner can establish that the "extraordinary circumstances" exception to the general exhaustion requirement applies is tightly intertwined with the merits of his Fifth Amendment claim for violation of his right to a speedy probation revocation proceeding.

In recommending that the writ should issue, the magistrate judge depends upon the finding of the Ninth Circuit in McNeely v. Blanas, 336 F.3d 823 (9th Cir. 2003), that Sacramento County violated petitioner's Sixth Amendment right to a speedy trial. The Ninth Circuit reversed this court's finding that the majority of the delay in the Sacramento County proceeding was attributable to petitioner, and this court is now bound by the appellate court's determination.[2]  Relying on the proposition that district attorneys are state officers for purposes of 42 U.S.C. § 1983, the magistrate judge imputes all of the unreasonable delay in the Sacramento County proceeding to Placer County.

While the court concurs with the magistrate judge's ultimate conclusion that Placer County has violated petitioner's Fifth Amendment right to a speedy probation revocation proceeding, the court differs as to the reason for this conclusion.  It does not follow from the fact that district attorneys are state officers for purposes of § 1983 that the actions of a district attorney of one county can be automatically attributed to the district

---

[2] The Ninth Circuit also had before it the still further delay between the time that this court rendered its ruling and the time that the case was submitted to the appellate court for decision.

3

attorney of another county.  See Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000) (holding that district attorneys in California are not necessarily state officers for all purposes.)

Instead, after examining the actions of Placer County in this case, and in light of the Circuit's decision in the related case, the court concludes that there has been undue delay by Placer County.  Placer County summarily revoked petitioner's probation on September 24, 1998, based on the Sacramento charges, and issued a bench warrant for his arrest.  (Traverse at 20.) However, after being informed by Sacramento County that the warrant would be held in abeyance pending the resolution of the Sacramento County charges, Placer County took no steps to complete the probation revocation proceeding, nor was petitioner informed of the pending Placer County proceeding.  (Id.)  When petitioner was finally informed of the proceeding, he repeatedly sought to invoke his right to a speedy hearing on the probation revocation.  (Id. at 21-22, 33-34.)  Petitioner was not brought to Placer County until February 26, 2002 for arraignment on the probation revocation.  (Id. at 34-35.)  He refused to waive his right to a speedy hearing.  (Id.) Placer County officials knew that nothing had happened in Sacramento County and that petitioner was prosecuting a federal suit against Sacramento County based on the delay.  (Id.)  Nonetheless, Placer County returned petitioner to Atascadero after the judge "declared a doubt" about his competence without moving forward on the

4

probation revocation. (Id.) However, a pattern of inaction followed by referrals to Atascadero for competency review is precisely what caused the Ninth Circuit to order issuance of the writ in McNeely. Nothing more was done by Placer County until August 18, 2003, when it obtained custody of petitioner after this court ordered petitioner released from Sacramento County custody.

While probation or parole revocation is typically a two-step process, with a preliminary hearing at the time of detention and a subsequent formal revocation hearing, the first hearing is not necessarily required if a final revocation hearing is held without undue delay of if the probationer has already been convicted of the charges that are the basis for the revocation. Morrissey v. Brewer, 408 U.S. 471, 485-87, 92 S.Ct. 2593 (1972); Heinz v. McNutt, 582 F.2d 1190, 1193-94 (9th Cir. 1978); People v. Hawkins, 44 Cal.App.3d 958, 964-67, 119 Cal.Rptr. 54 (1975). Here, however, Placer County summarily revoked petitioner's probation and waited almost five years to provide petitioner with an opportunity to contest the charges against him.

The Ninth Circuit, evaluating petitioner's ability to defend against these exact charges, found that a delay of this length significantly prejudiced petitioner's defense. 336 F.3d at 832. In light of the close relationship between the probation revocation and the Sacramento charges and in view of the ruling in McNeely, the court finds that the overall length of the delay is an "extraordinary circumstance" under Carden, such that the

5

exhaustion requirements of 28 U.S.C. § 2241(c)(3) are not applicable.

Accordingly, IT IS HEREBY ORDERED that:

1) With the exception as noted, the court ADOPTS the February 3, 2005 Findings and Recommendations;

2) The petition for writ of habeas corpus is GRANTED; and,

3) Petitioner shall be released from custody and no further attempt may be made to revoke his probation based on the pending charges.[3]

Dated: 7/15/2005

_____
DAVID F. LEVI
Chief United States District Judge

---

[3] The Ninth Circuit opinion states that the County may seek to initiate civil commitment proceedings against petitioner. McNeely, 336 F.3d at 832. Nothing in this order prevents Placer County from doing so in its discretion.

6